# THE MATTER OF GARY W. GILBERT, AN ATTORNEY AT LAW, RESPONDENT.

No. 86-066
Decided April 1, 1987.
738 P.2d 476.

## OPINION AND ORDER

Gary W. Gilbert was convicted on his plea of guilty in the United States District Court for the District of Montana, Great Falls Division, the Hon. Paul G. Hatfield, Federal District Judge presiding, of violating Title 18, U.S.C. Section 1001, in that for a period specified he had received Title 2 Social Security disability benefits from the United States Department of Health and Human Services, and that he was required to report to the Department whether he was capable of employment, and that he failed to advise the Department that

he was engaged in the practice of law, or able to practice law as an attorney and was not eligible for the said benefits.

The United States District Court ordered that the imposition of sentence upon Gary W. Gilbert be suspended, and he was placed on probation for a period of five years, one year of formal probation and four years of informal probation pursuant to Title 18, U.S.C. Section 3651.

Gary W. Gilbert was also required to make restitution to the federal government of the amounts which he had improperly received through the concealment of his ability to work.

Two other counts of a three count indictment against Gary W. Gilbert were dismissed by the Federal District Court (Vol. 6, page 61, Criminal Judgment Docket, U.S. District court for the District of Montana, Great Falls Division).

Gary W. Gilbert had been admitted to practice law in the State of Montana on June 11, 1973, and since that time had practiced principally in the Havre and Great Falls areas. After his indictment in the Federal District Court, his counsel forwarded to the Commission on Practice Gilbert's attorney's license, which he offered to surrender. When the fact of the surrender of Gilbert's license was reported to this Court, we requested his counsel to keep us advised as to the progress of the criminal charges against Gilbert. Upon his subsequent conviction, his counsel notified this Court of his conviction on April 29, 1985.

Under Rule 16(B) of the Rules Governing the Commission on Practice, when this Court is advised that a lawyer subject to disciplinary jurisdiction has been convicted of a crime, we may, either with or without the recommendation of the Commission, determine whether the crime is a "serious" crime. On December 3, 1985, we remanded this matter to the Commission on Practice, and directed the Commission to take such steps as would lead to its written recommendation as to whether the crime of which Gary W. Gilbert was convicted was a "serious" crime within our rules of discipline and if so, what proper discipline should be administered in this cause.

Thereafter, the Commission filed and served a complaint upon Gilbert, to which Gilbert responded, denying that the crime was "serious" and praying for a hearing. Following a hearing where Gilbert was represented by counsel, the Commission made and adopted the following conclusions:

"1. That Gilbert was guilty of making a false statement, a felony, as specified in Title 18, U.S.C., Section 1001.

"2. That the crime for which he stands convicted is a 'serious' crime.

"3. That the respondent received substantial sums from the United States Department of Health and Human Services knowing that he did not qualify to receive the same and making false statements to receive and retain funds which he knew he was not entitled to receive.

"4. That he was given a five year sentence, imposition of which was suspended [and reciting the conditions of probation]."

Following receipt of the report from the Commission on Practice, and the service of the copy of the report upon the respondent, we received on December 29, 1986, an answer from the respondent. He expresses his remorse and sorrow for his transgression. He asked that he not be disbarred but that he be suspended from practice for a period of five years commencing on January 1, 1984, after which he would request a review of his behavior for that five years to determine if he were then worthy to become a member once again of the Bar of this state.

No appeal or other proceedings have been initiated in the Federal District Court from the judgment of conviction and the same has become final.

The determination of the Commission on Practice that the crime of which Gilbert was convicted is a "serious" crime within the intent and purpose of Rule 16, Rules Governing the Commission on Practice, is well-founded, and the conclusion is by this Court adopted. The record before us bears out that for a considerable period of time Gilbert accepted Social Security Administration benefits for himself and his family as a totally disabled wage earner. Our record is uncertain as to the actual amount of restitution that he is required to make to the government, but Gilbert testified before the Commission that the latest figure was approximately $52,000.

We must admit that the possibility of Gilbert making income enough to support his family and to make restitution to the Government is bleak. His physical condition, which brought about his eligibility for Social Security benefits in the first place is that he has a degenerative eye condition which has taken away his peripheral vision, leaving him with a weakened tunnel vision which probably will worsen. He is admittedly, legally blind. Before he attended law school, he had been a teacher, but he had allowed his teachers certificate to lapse after he began practicing law. He has applied for a renewed teachers certificate and taken additional educational

courses, therefore, but his certificate has not been renewed, and he assumes that it is because of the felony conviction on his record. He has had no success in the interim between his conviction and the proceedings before the Commission on Practice in finding a job or occupation that would pay more than $450 to $500 per month. He is accruing child support payments which are his obligation and on which he is accruing a deficit, although the court recently reduced the required amounts of his payments.

It is clear, therefore, that if we were to order suspension of his license rather than disbarment, it would make little difference in his ability to earn. In addition, his conviction for a felony constituting a serious crime is an overweighing factor requiring his disbarment. We determine that the Commission on Practice acted properly in recommending his disbarment.

ACCORDINGLY, IT IS ORDERED:

1. Gary W. Gilbert be and he is hereby disbarred from the practice of law in any courts in the State of Montana wherein a license to practice is required.

2. Respondent Gary W. Gilbert shall proceed forthwith to comply with the provision of Rules 21 and 22 of the Rules Governing the Commission on Practice.

3. The Clerk of this court shall give notice of the discipline imposed hereunder in accordance with Rule 14.

4. The Clerk of this Court shall mail copies of this order to respondent, to counsel of record, to the prosecutor of the Commission on Practice, and to the secretary of the Commission on Practice.

DATED this 1st day of April, 1987.

s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/Fred J. Weber, Justice
s/L.C. Gulbrandson, Justice
s/John C. Sheehy, Justice
s/William E. Hunt, Sr., Justice